UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

RICHARD AUGUSIEWICZ,

       Plaintiff,                      Case No. 2:15-cv-05827-LDW-SIL

     v.

TRANSUNION, LLC,

       Defendant.

---

RICHARD AUGUSIEWICZ,

       Plaintiff,                      Case No. 2:15-cv-06007-JMA-SIL

     v.

EQUIFAX INFORMATION SERVICES, LLC,

       Defendant.

---

RICHARD AUGUSIEWICZ,

       Plaintiff,                      Case No. 2:15-cv-06340-SJF-SIL

     v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

       Defendant.

---

**PLAINTIFF RICHARD AUGUSIEWICZ'S OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE RELATED CASES**

## STATEMENT OF FACTS

On October 9, 2015, Case No 2:15-cv-05827, captioned as *Richard Augusiewicz v. Transunion, LLC* was filed in this Court by Plaintiff. It concerned Violations of the Fair Credit Reporting Act ("FCRA"), Section 1681 et. seq. as amended of Title 15 of the United States Code. Specifically, Plaintiff alleged that Defendant failed to establish and/or follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's credit report and credit files which Defendant published and maintained. Plaintiff sent a credit dispute letter to Defendant regarding fraudulently opened accounts in Plaintiff's name. Plaintiff was subsequently notified by Defendant that an investigation of Plaintiff's dispute was completed, that the fraudulently opened Discover account was verified and no change was made to Plaintiff's credit report. As a direct result of these actions by Defendant, Plaintiff's mortgage application to Nassau Educators Federal Credit Union was rejected.

Defendant answered the Complaint by its attorneys, Schuckit & Associates, P.C. Counsel for Defendant served discovery demands upon Plaintiff, which Plaintiff is in the process of responding to. Plaintiff also served discovery Demands upon Defendant, which have not been responded to as of today, March 17, 2016. An initial conference was held on February 1st before Judge Locke. A scheduling order was issued.

On or about October 22, 2015, Case No. 2:15-cv-06007, captioned as *Richard Augusiewicz v. Equifax*, was filed in this Court. It concerned violations

of the FCRA involving an inaccurate report of fraudulently opened accounts in Plaintiff's name.  Mr. Augusiewicz sent Defendant an executed and notarized fraud affidavit and requested that the fraudulently opened Discover account listed on his credit report be removed.  Defendant thereafter notified Plaintiff that it had "researched the account" and "verified that this item belongs to you." Plaintiff again requested that Defendant review its decision, but, again, was told "We verified this item belongs to you."  As a direct result of Defendant's failure to properly update Plaintiff's credit report, Plaintiff's mortgage application to Nassau Educators Federal Credit Union was rejected.

Defendant answered the complaint herein by its attorneys King & Spalding. The matter was set down for an initial conference on February 11, 2016, but the conference was adjourned by the Court without date, to be rescheduled upon resolution of the motion to consolidate.

On or about November 4, 2015, Case No. 2"15-cv-06340, captioned as *Richard Augusiewicz v.Experian* was filed in this Court.  It concerned violations of the FCRA involving an inaccurate report of fraudulently opened accounts in Plaintiff's name.  Plaintiff sent Defendant Fraud Affidavits and requested that the fraudulent accounts be removed from his credit report.  Defendant replied to Plaintiff that the fraudulent account was valid.  Defendant refused to give proper consideration to Plaintiff's evidence of fraud and as a result Plaintiff's mortgage application to Nassau Educators Federal Credit Union was rejected.

Defendant answered the complaint herein by its attorneys Jones Day.  An Initial conference was held on March 10, 2016.

## LEGAL ARGUMENT

While it is true that these three actions arose out of the same basic facts, Plaintiff has separate claims against each of the Defendants. Plaintiff is not alleging that all three Defendants acted in concert with one another. Allowing these cases to be consolidated may be confusing to a jury trying to decide whether each of the Defendants acted properly towards Mr. Augusiewicz, and the jury may improperly weigh the actions of each Defendant as against the others, when each Defendant should be tried based on its own actions. Each of the Defendants may have a different explanation for why it refused to properly correct Plaintiff's credit report. Consolidation of these cases would unduly complicate and prejudice Plaintiff's right to proceed against each Defendant individually. While it is true that "Consolidation is a 'valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion'" (Defendant Experian's Motion to consolidate Related Cases, p.6), the trial judge does have discretion to determine whether cases involving the same factual and legal issues should be consolidated. (Defendant Experian's Motion, p.6).

For the reasons stated above, Plaintiff requests that Defendant Experian's motion to consolidate be denied in its entirety.

Dated: March 17, 2016							Respectfully submitted,

*[signature]*

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C.

15 Landing Way

Bronx, New York  10464

Tel:(914)473-6783

epbh@aol.com

Attorney for Plaintiff